PIERCE, Justice,
dissenting:
¶ 12. I find no reversible error in the language contained in jury instruction S-2 and would affirm Rodrique Watson’s burglary conviction. Therefore, I respectfully dissent.
¶ 13. For purposes of the breaking requirement of this state’s burglary statute and the definition this Court has given it, the breaking occurred in this instance when Sue Hegwood opened her garage door and Rodrique Watson — lying in wait in his vehicle behind her — thereupon threateningly walked up to and through its threshold. I see this case in the same vein as Christmas v. State, 10 So.3d 413 (Miss.2009), where the defendant, Chancellor *449 Christmas, gained entry into the home of an elderly woman, first, by trick and then by threat of violence. In affirming Christmas’s conviction for burglary of a dwelling, we rejected the claim that Christmas was entitled to a jury instruction defining constructive breaking. Id. at 421-22. We held:
By holding a gun to Ms. [Margie] Sellers’s head and forcing her into the home, Christmas met Mississippi’s established standard for constructive breaking, which this Court has held satisfies the “breaking” element of burglary. See Templeton v. State, 725 So.2d 764, 766 (Miss.1998). While the jury was not issued an instruction on the specific definition of “constructive breaking,” it was issued an instruction on the constituent elements of burglary. This Court has held that “instructions in a criminal case which follow the language of a pertinent statute are sufficient.” Rubenstein v. State, 941 So.2d 735, 772 (Miss.2006) (citations omitted). We find that the jury received adequate instructions regarding this offense.
Id. at 422.
¶ 14. The only substantive distinction that can be made between that case and the one now before us are the methods the intruders used to gain entry into the otherwise closed-off homes. Both - men procured their openings by deception, Christmas overtly and Watson covertly.
¶ 15. The only problem I find with jury instruction S-2 is the lack of language qualifying the term “force.” Given the evidence of the case, however, I find the error harmless, beyond a reasonable doubt.
RANDOLPH, P.J., JOINS THIS OPINION.